RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
MICHAEL NAVRATIL, ESQ.
Nevada Bar No. 7460
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
ryan@ryanalexander.com
richard@ryanalexander.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JILL HARRISON, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware Corporation, BROSNAN RISK CONSULTANTS, LTD., a Delaware Corporation; DOES I - X, INCLUSIVE, and ROE CORPORATIONS I - X, Inclusive,<br><br>Defendants. | Case No.: 2:24-cv-491-MDC<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiffs JILL HARRISON, ("HARRISON", "Plaintiff"), and Defendants WALMART, INC., and BROSNAN RISK CONSULTANTS, LTD., by and through their respective counsel, hereby submit the following Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(b) for the Court's approval.

**PROPOSED SCHEDULE**

The parties held a scheduling conference under Federal Rule of Civil Procedure 26(f) on January 23, 2025. The parties now submit their proposed discovery plan and scheduling order in compliance with LR 26-1(b).

**1. Discovery Cut-Off Date.** The Parties propose **six months of discovery** from the order rather than from the Answer, tentatively planned as six months from January 21, 2025. **Discovery**

1

**would therefore close on July 21, 2025.** This request is due to the need for various employee depositions and discovery. Plaintiffs' claims involve her physical disability and emotional/psychological injuries. Discovery may involve medical or psychology experts. The Parties agree that this would be beneficial.

This request is due to the complicated facts of the Plaintiff's Complaint including (a) the allegations in Plaintiff's Complaint including, but not limited to, the allegations concerning Violations of Title III of the ADA; (b) Plaintiff's alleged damages; and (e) Defendants' defenses. Discovery will likely involve procedure experts and medical or psychology experts. The Parties agree that this would be beneficial.

**2. Amending the Pleadings and Adding Parties.** The deadline to amend the pleadings and add parties is April 21, 2025.

**3. Expert and Rebuttal-Expert Disclosures.** The deadline to disclose experts is April 21, 2025. The deadline to disclose rebuttal experts is May 21, 2025.

**4. Dispositive Motions.** The deadline to file dispositive motions is August 21, 2025.

**5. Pretrial Order.** The deadline to file a pretrial order is September 22, 2025.

**6. Fed. R. Civ. P. 26(a)(3).** The disclosures required by this rule and any objections to them must be included in the joint pretrial order.

**7. Alternative Dispute Resolution.** The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

**8. Alternative Forms of Case Disposition.** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

**9. Electronic Evidence.** The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations.

**10. Initial Disclosures.** No changes are necessary in the form or requirement for the disclosures under Fed. R. Civ. P. 26(a). Plaintiff served initial disclosures on January 24, 2025; Defendants will serve initial disclosures were made on or before **February 10, 2025**.

**11. E-discovery.** The parties agree that disclosure and discovery of electronically stored information should be produced in Portable Document Format ("PDF Format") to allow for proper and consistent Bates numbering. The PDF documents are also to be produced in a recognize text Optical Character Recognition ('OCR") format. If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

**12. Clawback Agreement.** In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or documents and any copies within ten days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient(s) may, following the return and destruction described in Paragraph 2 of this Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the Litigation is currently pending. The Parties agree that any review of items by the judge shall be an *in camera* review.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or

confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s).  Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

In the event that the Recipient challenges the privilege or confidentiality of the inadvertently disclosed documents, and prevails on the motion to compel, the Recipient will be entitled to recover reasonable attorney's fees for bringing the motion, to be determined by the Court.

**13. Extensions or modifications of the discovery plan and scheduling order.**  In accordance with LR 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the discovery cut-off date.  Therefore, such stipulations or motions shall be made not later than July 1, 2025.

//

//

14. **Email Service:** The parties consent to electronic service, to the extent the size of the submission permits it, of all court filings, not served through ECF (e.g., filings under seal) and such service shall constitute proper service under FRCP 5(b)(2)(E). The parties further consent to electronic service of correspondence and discovery, in lieu of other service methods, under FRCP 5(b)(2)(E) on all counsel who have entered an appearance on behalf of the party to be served.

DATED this 27th day of January 2025.
RYAN ALEXANDER, CHTD.

/s/Ryan Alexander
RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
*Attorneys for Plaintiffs*

**IT IS SO ORDERED: the stipulation is denied with leave to amend to file a corrected stipulation. Any disputes regarding the parties claw back agreement or challenging a claim of privilege, as set forth in paragraph 12, must be resolved pursuant to the Court's 08/09/24 Standing Order (ECF No. 14) and not through motions to compel.**

DATED this 27th day of January 2025
McDONALD CARANO LLP
/s/Katrina E. Weil

Rory T. Kay (NSBN 12416)
Katrina E. Weil (NSBN 16152)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
rkay@mcdonaldcarano.com
kweil@mcdonaldcarano.com
*Attorneys for Defendant Walmart, Inc.*

DATED this 27th day of January 2025.
SKANE MILLS LLP
/s/Elizabeth Spaur

Elizabeth A. Skane, Esq. (Bar No. 7181)
eskane@skanemills.com
Elizabeth C. Spaur
Nevada Bar No. 10446
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535
(702) 363-2534 Fax
*Attorneys for Defendant,*
*BROSNAN RISK CONSULTANTS, LTD.*

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 1/29/25

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Fed. R. Civ. P. 5, I served via electronic service via CM/ECF a true and correct copy of the foregoing PROPOSED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER addressed to:

☒ CM/ECF – Electronic service.

McDONALD CARANO LLP
Rory T. Kay (NSBN 12416)
Katrina E. Weil (NSBN 16152)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
rkay@mcdonaldcarano.com kweil@mcdonaldcarano.com
*Attorney for Defendant Walmart, Inc.*

SKANE MILLS LLP
Elizabeth A. Skane, Esq. (Bar No. 7181)
eskane@skanemills.com
Elizabeth C. Spaur
Nevada Bar No. 10446
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535
(702) 363-2534 Fax
*Attorneys for Defendant*,
*BROSNAN RISK CONSULTANTS, LTD.*

☐ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct. Executed on 27th of January, 2025 in Las Vegas, Nevada.

*/s/Ryan Alexander*
_____
RYAN ALEXANDER
*Employee of Ryan Alexander, Chtd.*