RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
MICHAEL NAVRATIL, ESQ.
Nevada Bar No. 7460
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
ryan@ryanalexander.com
michael@ryanalexander.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JILL HARRISON, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware Corporation, BROSNAN RISK CONSULTANTS, LTD., a Delaware Corporation; DOES I - X, INCLUSIVE, and ROE CORPORATIONS I - X, Inclusive,<br><br>Defendants. | Case No.: 2:24-cv-491-MDC<br><br>**STIPULATION OF COUNSEL IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>**SUPPORTING DECLARATION OF RYAN ALEXANDER, ESQ.** |

Plaintiffs JILL HARRISON, ("HARRISON", "Plaintiff"), and Defendants WALMART, INC., ("Walmart") and BROSNAN RISK CONSULTANTS, LTD. ("Brosnan"), by and through their respective counsel, hereby submit this Stipulation in response to the Court's Order to Show Cause.

1. This is an ADA disability access case where Plaintiff alleges that she was denied entry and service at a Walmart store by Defendants because of her use of a scooter as a mobility device. As noted by the Court, Defendants filed Answers on July 17, 2024.

2. Fifteen days later, on Thursday, August 1, 2024, Counsel for Plaintiff drafted a proposed Discovery Plan and Scheduling Order ("DPSO") and emailed it to defense counsels asking if they could hold the conference that afternoon. *See Declaration of Ryan Alexander*, email

1  chain as Ex. 1. Counsel for Plaintiff has handled many matters with McDonald Carano as opposing
2  counsel in a collegial manner, and even had mutual clients in a prior federal matter. *Id*.

3      3.    Defense counsels each responded on Monday, August 5, 2024, with Mr. Kay
4  of McDonald Carano for Walmart noting that they would review the proposed DPSO and asking if
5  Counsel also intended to formally notice a Rule 26 conference, and that he would be traveling on
6  Friday Morning. *Id*. Defense counsels did not hear from Plaintiff's counsel after Mr. Kay's email.

7      4.    Meanwhile, Counsel for Plaintiff was *leaving* later that week for an out of
8  state trip. *Id*. Internally, Plaintiff's written discovery was drafted on September 5, 2024; thereafter
9  the paralegal assisting on the file left employment as of September 19, 2024, days before Counsel
10 began [what was scheduled as a two-week] jury trial in Clark County District Court on September
11 26, 2024… with another weeklong jury trial that began on November 12, 2024. *Id*. With a
12 replacement litigation paralegal and two attorneys joining the firm amid two jury trials, it was
13 chaotic through to the holiday season. *Id*. This is not to justify noncompliance, but to give context
14 as to how after circulating the initial DPSO draft and pleasant communications, a conference was
15 not held nor was the DPSO revised and submitted prior to the Court bringing it to Plaintiff's
16 attention - for which Plaintiff apologizes. *Id*.

17     5.    Plaintiff's Counsel circulated a second draft DPSO on January 21, 2025. *Id*.
18 The Parties held a scheduling conference under Federal Rule of Civil Procedure 26(f) on January
19 23, 2025. *Id*. The Parties discussed the scope of the case and necessary discovery and potential for
20 resolution. As a disability access case, it is largely fact driven. *Id*. The parties agreed to new dates
21 for discovery and submitted their proposed discovery plan and scheduling order in compliance with
22 LR 26-1(b). The Parties proposed six months of discovery from the order rather than from the
23 Answer, tentatively planned as six months from January 21, 2025 - discovery would close on June
24 21, 2025. Plaintiff agreed to produce her initial disclosures on January 24, 2025, with Defendants
25 to follow within fourteen days.

26     6.    As the Parties have resumed focus on this matter, complied with the Order
27 to Show Cause in submitting a proposed plan and have begun to exchange discovery, Plaintiff asks
28 that the Court withhold sanctions and permit the Parties to engage in what they reassure will be

prompt and efficient discovery to prepare this matter for trial or, perhaps, alternative dispute resolution.

DATED this 27th day of January 2025.
RYAN ALEXANDER, CHTD.

/s/Ryan Alexander
RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
*Attorneys for Plaintiffs*

DATED this 27th day of January 2025
McDONALD CARANO LLP
/s/Katrina E. Weil

Rory T. Kay (NSBN 12416)
Katrina E. Weil (NSBN 16152)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
rkay@mcdonaldcarano.com
kweil@mcdonaldcarano.com
*Attorneys for Defendant Walmart, Inc.*

DATED this 27th day of January 2025.
SKANE MILLS LLP
/s/Elizabeth Spaur

Elizabeth A. Skane, Esq. (Bar No. 7181)
eskane@skanemills.com
Elizabeth C. Spaur
Nevada Bar No. 10446
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535
(702) 363-2534 Fax
*Attorneys for Defendant*,
BROSNAN RISK CONSULTANTS, LTD.

IT IS SO ORDERED.
The Court has reviewed the parties' response (ECF No 17) to the Court's Order to Show Cause (ECF No. 15). The parties have shown cause and also filed a proposed stipulated scheduling order. Accordingly, no sanctions will be imposed.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 1-29-25

3